UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:12-CR-120-DBH** |
| | ) | |
| **SHAWN McKEOUGH,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**DECISION AND ORDER ON MOTION TO SUPPRESS**

The defendant has filed a motion to suppress recorded phone calls between him and a co-conspirator. He claims that the phone calls occurred in Florida and that Florida statutes require awareness and consent by all parties, awareness that he lacked and consent that he did not give. He relies upon 18 U.S.C. § 2515 for suppression.

The motion is **DENIED**. "[F]ederal law governs the admissibility of evidence in federal prosecutions." United States v. Charles, 213 F. 3d 10, 19 (1st Cir. 2000) (citations omitted); United States v. Pratt, 913 F.2d 982, 987 (1st Cir. 1990) ("[I]t is well settled that, in federal prosecutions, evidence admissible under federal law cannot be excluded simply because it would be inadmissible under state law . . . ." (citation omitted)). The defendant has identified no way in which the phone calls in question were recorded in violation of federal law. (The co-conspirator was a party to the calls and either recorded them or gave permission to record them.) This is not the "extreme

case of flagrant abuse of the law by state officials" identified by <u>Charles</u> as a possible exception to the general proposition that state law does not control the admissibility question.  213 F.3d at 20 (citation omitted).

**SO ORDERED.**

**DATED THIS 28TH DAY OF NOVEMBER, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**